**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

ATI INDUSTRIAL AUTOMATION, INC., )
                                                            )
                Plaintiff,     )
                                                            )
            v.                  )      1:09CV471
                                                            )
APPLIED ROBOTICS, INC.,        )
                                                            )
                Defendant.     )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Motion for Impoundment (Docket Entry 41) filed by Plaintiff ATI Industrial Automation, Inc. ("ATI"). For the reasons that follow, the Court will deny said motion without prejudice to the filing of a Renewed Motion for Impoundment.

## I. BACKGROUND

ATI's Amended Complaint seeks to enforce patents concerning a device that serves as "a mechanical interface between an industrial robot arm and a variety of tools, or end effectors, that may be attached to the robot arm to perform various tasks." (Docket Entry 20, ¶ 7.) On February 17, 2010, Defendant Applied Robotics, Inc. ("ARI") filed its "Defendant's Motion to Dismiss, or Alternatively, to Transfer" (Docket Entry 24), and in support of its motion, it filed a "Declaration of Clifford Annis" (Docket Entry 26), and "Declaration of Steve Listing" (Docket Entry 27). On March 15, 2010, ATI filed its Response (Docket Entry 29), and fourteen days later, ARI filed its Reply (Docket Entry 30).

ARI seeks dismissal of this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2)

and/or improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); alternatively, ARI requests a transfer of this action to the Northern District of New York under 28 U.S.C. § 1406(a). (Docket Entry 24 at 1.) ATI requests that, should the Court find personal jurisdiction lacking on the current record, the Court nonetheless refrain from dismissing the case or transferring it to the Northern District of New York (as ARI proposes); instead, ATI asks the Court to "transfer this case to the District of South Carolina or, in the alternative, to permit ATI to conduct jurisdictional discovery." (Docket Entry 29 at 4.)

On December 29, 2010, the Court issued a Memorandum Opinion and Order which granted ATI's request for jurisdictional discovery and deferred further action on ARI's motion to dismiss. (Docket Entry 35 at 15.) On February 15, 2011, the Court approved a Consent Protective Order to which both parties stipulated. (Docket Entry 37.) On March 18, 2011, ATI filed its Motion for Impoundment (Docket Entry 41), a document titled "Notice of Filing Under Seal" (Docket Entry 38), an Affidavit of Karen S. Boardman (Docket Entry 39), and a "Supplemental Memorandum Opposing Defendant's Motion to Dismiss" (Docket Entry 40).

## II. DISCUSSION

In the Motion for Impoundment, ATI moves "to seal documents provided to [ATI] by [ARI] under the terms of the protective order. . . . Although [ATI] requested [ARI] lower its designations, [ARI] refused." (Docket Entry 41 at 1.)

A.  Standard for Sealing Documents

Federal Rule of Civil Procedure 26(c) states in relevant part that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . . .
>
> (G)  requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way; and
>
> (H)  <u>requiring that the parties</u> simultaneously <u>file specified documents or information in sealed envelopes, to be opened as the court directs</u>.

Fed. R. Civ. P. 26(c) (emphasis added).

The United States Court of Appeals for the Fourth Circuit has recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispostiive motion." <u>Rushford v. The New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988).  However, the authority granted to a court under Rule 26(c) to require special handling of information gathered during discovery is constrained by the public's right of access to judicial records.  See <u>Level 3 Communications, LLC v. Limelight Networks, Inc.</u>, 611 F. Supp. 2d 572, 576 (E.D. Va. 2009) ("There is a highly-developed body of case law governing the handling of discovery documents and other materials filed with courts under seal in civil cases.  For current purposes, this case law can be divided analytically into two categories.  One body of case law relates to the protected status

of documents produced in pre-trial discovery pursuant to a stipulated, court-approved protective order under Rule 26(c) of the Federal Rules of Civil Procedure. The second body of case law governs the public availability of materials that have been submitted to courts in connection with civil pleadings or motions (dispositive or otherwise) or entered by courts into evidence in the course of hearings or trial, whatever the materials' origins or pre-trial confidentiality status might previously have been.").

This constraint arises because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 839 (1978). As a result, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978).[1] "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Virginia Dept. of State Police v. The Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records

---

[1] The right of access to court records flows from the right of access to in-court proceedings; it applies in both civil and criminal cases. See Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 & n.4 (4th Cir. 1988).

documents." Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted).[2]

Before considering whether a constitutional or only a common law right of access exists, however, a court must assess whether the materials at issue actually constitute "judicial documents and records," id. at 180. In this regard, the Fourth Circuit (albeit in an unpublished opinion) has joined other courts in "hold[ing] that the mere filing of a document with a court does not render the document judicial." In re Policy Mgt. Sys. Corp., 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (unpublished) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). Accordingly, in any given case, some court-filed "documents fall within the common law presumption of access, while others are subject to the greater right of access provided by the First Amendment. Still others may not qualify as 'judicial records' at all." United States v. Moussaoui, 65 Fed. Appx. 881, 889 (4th Cir. 2003) (citing Amodeo, 44 F.3d at 145-46).

In light of this legal framework, "[w]hen presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." Virginia Dept. of State Police, 386 F.3d at 576. Procedurally:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the

---

[2] Moreover, "[t]he common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." Rushford, 846 F.2d at 253.

-5-

> reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Id. (internal citation omitted). "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." Id. (internal citations and quotation marks omitted). See also Moussaoui, 65 Fed. Appx. at 889 ("We therefore must examine [materials submitted under seal] document by document to determine, for each document, the source of the right of access (if any such right exists). As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part." (internal citation omitted) (emphasis added)).

### B. Consent Protective Order

The Consent Protective Order establishes a procedure for filing with the Court any information which either party has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." (Docket Entry 37 at 7.) Paragraph four describes the scope of the material that the parties may designate as warranting protection:

> Any party may, in good faith, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Discovery Material designated as "CONFIDENTIAL" shall contain proprietary information, whether personal or business-related. Certain limited types of "CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL." The "HIGHLY CONFIDENTIAL" designation

shall be reserved for confidential information that constitutes, reflects, concerns or relates to <u>trade secrets, know-how or proprietary data, research and development, unpublished patent applications, product designs and information not disclosed to the public, business plans, and business, financial, sales or commercial information, including customer names and addresses, the disclosure of which is likely to cause harm to competitive position of the party making the confidential designations of Discovery Material</u>.

(<u>Id.</u> at 2 (emphasis added).)

Paragraph twelve, which governs the filing of such material provides:

> 12. Before filing any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, <u>counsel shall confer with counsel for the party that produced the information so designated about how it should be filed</u>. If the party that produced the information so designated desires that the materials be filed under seal, <u>then the filing party shall file the materials under seal with a motion for impoundment which sets forth, with respect to each document for which impoundment is sought, an explanation as to why impoundment is required</u>, with notice served upon the producing party, <u>and file a redacted copy of the documents for which impoundment is sought</u>. If the Court allows the motion to impound, the information designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and subject of the order allowing impoundment shall be filed and placed in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. . . . Upon failure of the filing or [sic] lodging Party to properly designate the information and file or lodge such information in accordance with this Protective Order, a Producing Party who in good faith believes that designation and filing under seal is required may file a motion pursuant to the local rules to do so within five business days of learning of the defective filing or lodging.

(<u>Id.</u> at 7 (emphasis added).)

Additionally the protective order, in paragraph twenty-two, prohibits the application of designations to certain information:

22. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    (a) <u>Was, is, or becomes public knowledge not in violation of this Order</u>; or

    (b) Was lawfully possessed by the non-designating party prior to the date of this Order.

(<u>Id.</u> at 12 (emphasis added).)

### C. Analysis

ATI identifies the information that is "being filed under seal" as including: materials which are incorporated in the Notice of Filing Under Seal (Docket Entry 38); the Affidavit of Karen S. Boardman and certain exhibits to that affidavit (Docket Entry 39); and the Supplemental Memorandum (Docket Entry 40). (Docket Entry 41 at 1-4.)

With respect to the Notice of Filing Under Seal, ATI seeks to preserve the secrecy of "Excerpts from the Rule 30(b)(6) Deposition of Applied Robotics with Clifford Annis as its designee (and associated exhibits)." (<u>Id.</u> at 1.) ATI states that ARI designated the materials as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY[,]" because the material includes "testimony regarding past sales, a contacts list, and general business information . . . ." (<u>Id.</u>) ATI describes the reason for sealing certain exhibits associated with the Annis deposition as follows:

(1) "Exhibits 4, 5, 28, 29, 34, & 38-40 consist[] of email communications between Defendant's agent and North Carolina entities[;]"

(2) "Exhibit 7 consist[s] of Defendant's responses to Plaintiff's discovery requests[;]"

(3) "Exhibit 11 consist[s] of Defendant's contacts list for North Carolina[;]"

(4) "Exhibit 14 consist[s] of a list of Defendant's trips into North Carolina[;]"

(5) "Exhibit 15 consist[s] of a list of Defendant's North Carolina vendors[;]"

(6) "Exhibits 19 and 22 consist[] of press releases about the accused products[;]"

(7) "Exhibits 20 and 23 consist[] of analytics performed on press releases about the accused products[;]"

(8) "Exhibits 21 and 24 consist[] of listings of each news source publishing Defendant's press releases[;]"

(9) "Exhibit 25 consist[s] of a Google Analytics report for Defendant's website[;]"

(10) "Exhibit 26 consist[s] of email communications between Defendant and a potential client regarding locations where Defendant's products are used[;]" and

(11) "Exhibit 33 consist[s] of an email planning a technical support trip to North Carolina." (Id. at 2-3.)

Additionally, ATI requests that the Court seal certain portions of Ms. Boardman's affidavit and exhibits A, E-V, and X. (Id. at 3-4.) ATI states that ARI labeled these materials as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY[,]" because the affidavit and exhibits include "financial information, customer

lists, customer communications, and general business information . . . ." (Id.) In particular, ATI explains the basis for sealing each exhibit as follows:

(1) "Exhibit A consist[s] of a spreadsheet disclosing Defendant's confidential information[;]"

(2) "Exhibits E-N, U-V, & X are communications between Defendant and Defendant's customers[;]"

(3) "Exhibit O is an attachment to a communication requesting a repair from Defendant[;]"

(4) "Exhibit P is a spreadsheet disclosing returns and repairs performed for Defendant's North Carolina clients[;]"

(5) "Exhibit Q lists payments from Defendant to North Carolina entities[;]"

(6) "Exhibits R-S are an [sic] email discussing Defendant's travel arrangements to North Carolina and an attachment listing contact information for several of Defendant's clients[;]" and

(7) "Exhibit T is an expense report for one of Defendant's trips to North Carolina." (Id. at 3-4.)

ATI argues that the Supplemental Memorandum warrants sealing, because it "discusses the information labeled HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY by [ARI] and filed with the Annis Deposition or the Boardman Affidavit." (Id. at 4.)

Initially, the Court observes that the Consent Protective Order requires ATI to file the instant motion (see Docket Entry 37 at 7), because ATI seeks to file materials in support of its opposition to ARI's motion to dismiss and ARI has placed

confidentiality designations on said materials. (See Docket Entry 1 at 1.) Moreover, ARI has not "lower[ed] it designations" prior to ATI's submission of the motion for impoundment. (Docket Entry 41 at 1.) Thus, while ATI is the movant, the Court recognizes that ARI has selected the documents that the motion seeks to protect.

The Court finds that the instant motion for impoundment may not be granted, because ATI has failed to comply with the Consent Protective Order by filing under seal the materials that it seeks to keep secret. The Consent Protective Order requires that ATI "file the materials under seal with a motion for impoundment[.]" (Docket Entry 37 at 7.) ATI has filed a redacted copy of its Supplemental Memorandum (Docket Entry 40), and a redacted Affidavit of Karen Boardman (without the exhibits ATI seeks to seal) (Docket Entry 39 at 1-8). Additionally, ATI has filed Exhibit 7 as an attachment to the Notice of Filing Under Seal (Docket Entries 38-2, 38-3 & 38-4).[3] However, the docket does not reflect filing of all the proposed, sealed materials. (See Docket Entries from Mar. 18, 2011 to present.)[4] Without the ability to review the materials that the parties wish the Court to seal, the Court cannot conduct the necessary review.

---

[3] The Court refers to this exhibit by CM/ECF system docket numbers which are incorporated electronically in the footer of the document, because the exhibit number attached to said document does not appear to refer its incorporation into the pleading in which it was filed with the Court (see Docket Entry 38-2).

[4] As described in the next paragraph, to the extent that ATI has filed any materials it has filed only Exhibit 7, and it has done so in a manner that makes Exhibit 7 a public document.

In addition, ARI has labeled documents as warranting protection which do not appear to require such secrecy. For example, Exhibits 7, 19, 21, 22 and 24 appear to consist of public information. Exhibit 7 was disclosed in a public filing in the Court's Case Management/Electronic Case Filing ("CM/ECF") system (see Docket Entries 38-2, 38-3 & 38-4). Additionally, Exhibits 19 and 22 include "press releases" and Exhibits 21 and 24 constitute republication of press releases. (Docket Entry 41 at 2.)[5] The Consent Protective Order does not safeguard material that "[w]as, is, or becomes public knowledge . . . ." (Docket Entry 37 at 2.) Moreover, it "would serve no purpose" to restrict public access to information that has already been disclosed. Kinetic Concepts, Inc. v. Convatec Inc., No. 1:08CV00918, 2010 U.S. Dist. LEXIS, at *41 (M.D.N.C. Apr. 2, 2010) (unpublished).

Second, Exhibits 4, 5, 28, 29, 34 and 38-40 are described as "communications between [ARI's] agent and North Carolina entities[;]" Exhibit 25 is a report produced by Google Analytics; Exhibit 26 encompasses "email communications between [ARI] and a potential client[;]" and Exhibit Q lists ARI's payments to "North Carolina entities." (Docket Entry 41 at 2-3.) ATI has not indicated that the materials in these exhibits are subject to any confidentiality or non-disclosure agreements. If non-party

---

[5] ATI also moves to seal Exhibits 20 and 23, described as "analytics performed on press releases[.]" (Docket Entry 41 at 2.) The description does not demonstrate any basis to seal those exhibits. To the extent that ATI seeks to seal information disclosed by a press release said information would not warrant protection. Moreover, ATI has not described why a third party's analysis of those releases should be sealed. (See Docket Entry 41 at 1-4.)

entities possess and may freely distribute the material in the exhibits, then the materials would not appear to qualify for sealing.

Third, ARI publicly filed the "Declaration of Clifford Annis" (Docket Entry 26) and "Declaration of Steve Listing" (Docket Entry 27). The declarations each include an exhibit that constitutes thirty pages of expense reports describing Steve Listing's trips to North Carolina and details such as: where Listing traveled; the expenses incurred; individuals he met with; and the employers of those individuals. (See Docket Entry 26, Ex. A at 2-31; Docket Entry 27, Ex. A at 2-31.) ATI now seeks to seal Exhibit 11 which constitutes ARI's "contacts list for North Carolina[;]" Exhibit 14 which describes ARI's "trips into North Carolina[;]" Exhibit 15 which lists ARI's "North Carolina vendors[;]" Exhibit 33, an e-mail regarding a "technical support trip to North Carolina[;]" Exhibits R-S which discuss "travel arrangements to North Carolina and an attachment listing contact information for several of Defendant's clients[;]" and Exhibit T, an expense report documenting one of ARI's trips to North Carolina. (Docket Entry 41 at 2-4.) ATI has not distinguished the information in the foregoing exhibits from the declarations, and attached exhibits, that ARI already submitted to the Court. Moreover, ATI does not explain why the public should be denied access to these materials, despite the public filing of other apparently similar documents.

Additionally, the Court observes that ATI's motion fails to demonstrate the "substantive and procedural requirements" discussed

in Virginia Dept. of State Police, 386 F.3d at 576. ATI seeks to seal: Exhibit A, described as "a spreadsheet disclosing [ARI's] confidential information[;]" Exhibits E-N, U-V and X which are "communications between [ARI] and [its] customers[;]" Exhibit O which constitutes a "communication requesting a repair[;]" and Exhibit P which is "a spreadsheet disclosing returns and repairs performed for [ARI's] North Carolina clients." (Docket Entry 41 at 3.) However, ATI's description of these materials as "confidential" or as a type of business record is insufficient for sealing the documents. Cf. Hill Holiday Connors Cosmopulos, Inc. v. Greenfield, C/A No.: 6:08-cv-03980-GRA, 2010 U.S. Dist. LEXIS 21015, at *9-10 (D.S.C. Mar. 8, 2010) (unpublished) ("The Parties' generic statements that the information contains confidential business records, even if true, is similarly unavailing. That a document is confidential to a particular business is not a justification for the extraordinary act of sealing documents protected by the *First Amendment's* right to access."). The movant of a motion to seal should address how public access to the subject documents could possibly harm a party, cf. Walter Kiddie Portable Equip., Inc. v. Universal Sec. Instruments, Inc., No. 1:05CV01031, 2008 U.S. Dist. LEXIS 3426, at *3-4 (M.D.N.C. Jan. 16, 2008) (unpublished) (Tilley, J.) ("[Plaintiff] has not provided sufficient reasons why its memorandum and each of the supporting declarations and exhibits should be filed under seal; how public disclosure of the memorandum and each supporting document could potentially harm the parties . . . ."), however, ATI does not

-14-

address how disclosure of each document identified in the motion, could potentially harm ARI.

Furthermore, ATI does not discuss why less drastic alternatives such as redacting sensitive information or sealing a more limited number of documents would be inappropriate. See Virginia Dept. of State Police, 386 F.3d at 576 (stating that court "must consider less drastic alternatives to sealing"); cf. Walter Kiddie Portable Equip., 2008 U.S. Dist. LEXIS 3426, at *4 (ruling plaintiff's motion to seal inadequate where motion did not address "why less drastic sanctions . . . would be inappropriate").

### III. CONCLUSION

The Court recognizes that ATI filed the Motion for Impoundment to meet its obligations under the Consent Protective Order, but that ARI's designations of confidentiality caused ATI to file the motion. ATI has failed to file relevant documents with the Court, has moved to seal documents that appear to fall outside of the scope of the Consent Protective Order, and has neglected to address the "substantive and procedural requirements" discussed in Virginia Dept. of State Police, 386 F.3d at 576.

**IT IS THEREFORE ORDERED** that ATI's Motion for Impoundment (Docket Entry 41) is **DENIED** without prejudice to the parties filing a Joint Renewed Motion for Impoundment that addresses the matters discussed in this Memorandum Opinion and Order for each document identified in the motion as requiring sealing.

**IT IS FURTHER ORDERED** that, if the parties fail to file such a Renewed Motion for Impoundment by June 1, 2011, ATI shall

publicly file unredacted copies of the documents identified in its Motion for Impoundment (Docket Entry 41).

                                        /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                                   **United States Magistrate Judge**

May 11, 2011