IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ATI INDUSTRIAL AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No: 1:09-CV-471 |
| | ) | |
| APPLIED ROBOTICS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |
| _____ | ) | |

MEMORANDUM ORDER

This case is now before the Court on Defendant Applied Robotics, Inc.'s

("AR") Motion to Amend the Answer and Counterclaims (Doc. # 101), and Plaintiff

ATI Industrial Automation, Inc.'s ("ATI") Motion to Dismiss Counterclaims and

Strike Affirmative Defenses (Dock. # 93). For the reasons discussed below, AR's

Motion to Amend is GRANTED and ATI's Motion to Dismiss Counterclaims and

Strike Affirmative Defenses is DENIED AS MOOT.

I.

This dispute involves three United States Patents for robotic tool changers

which provide a "mechanical interface between an industrial robot arm and a

variety of tools, or end effectors, that may be attached to the robot arm to perform

various tasks." Doc. # 20, ¶7. ATI, the holder of the patents, has alleged that

Defendant AR "has imported, used, sold, offered for sale, and/or has induced

others to import, sell or offer for sale, one or more tool changers infringing one or

more claims" of the '895, the '893, and the '086 patents.  Doc. # 20 ¶¶ 25, 29,

33.  In its original Answer and Counterclaims [Doc. # 89], AR asserted numerous

affirmative defenses and counterclaims relating to invalidity, non-infringement and

failure to name certain inventors for each of the patents.  ATI moved to dismiss

and strike several of those counterclaims and affirmative defenses, and until now

that motion was outstanding (as discussed below, it is now dismissed as moot).  In

the interim, AR filed a Motion to Amend Counterclaims and Affirmative Defenses,

which is now before the Court.

II.

A.

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings and

provides that leave to amend "shall be freely given when justice so requires." Fed.

R. Civ. P. 15(a), Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

"[L]eave to amend a pleading should be denied only when the amendment would be

prejudicial to the opposing party, or the amendment would be futile." Johnson v.

Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (emphasis added); see also

Foman v. Davis, 372 U.S. 178, 182; 83 S.Ct. 227, 230 (1962)("In the absence of

any apparent or declared reason – such as undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party … [and] futility of

amendment, etc. the leave sought should, as the rules require, be 'freely given.'")

Leave to amend is within the discretion of the District Court. <u>Foman</u>, 372 U.S. at182; 83 S.Ct. at 227; <u>see also</u> <u>Smith v. Bank of the Carolinas</u>, 2012 WL 4848993 at * 2 (M.D.N.C. 2012).

B.

The proposed amendment will be allowed because it is not prejudicial or futile at this stage of the litigation. The parties' Joint Rule 26(f) Report in this case was approved and adopted by the Magistrate Judge on May 1, 2013.  On June 17, 2013, the scheduling order was amended by consent and approved by the Magistrate Judge.  The deadline for the parties to amend the pleadings was September 12, 2013.  Defendant AR filed its motion to amend on September 12, 2013.  On November 13, 2013, due to scheduling conflicts, the parties consented to further amend the scheduling order by extending the claim construction related deadlines due to scheduling conflicts.  The Magistrate Judge allowed that amendment, which essentially extended the deadlines associated with claim construction by one month. [Doc. # 108]

The Court finds that AR's motion to amend is timely and thus Plaintiff ATI is not prejudiced by the amendment.  ATI contends that AR's motion is late and a delay tactic; however, the scheduling order in place at the time of Defendant's motion to amend allowed for amendment of pleadings up to September 12, 2013, and the motion was filed on September 12, 2013. Given the attention the parties have given this case to date, they certainly anticipated that an amendment to a

pleading might be filed on the last day of the amendment period.

ATI also argues that it will be prejudiced because "design patent infringement uses different claim construction and different tests for infringement," and "[d]efenses, such as invalidity due to anticipation or obviousness, are also different." Doc. # 105 at 15. In the case cited by ATI, however, the court relied heavily on the fact that the proposed amendment was after the close of a three-year long discovery process and on the eve of the deadline for dispositive motions. Equal Rights Center v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010). As noted by Defendant AR in this case, while this case has been pending since 2009, no substantive depositions have taken place, expert reports have not been exchanged, there are no deadlines for dispositive motions or trial, and at least eight months of discovery remain. Thus, it is expected that the scheduling order can be changed without significant prejudicial impact to the parties.

In addition, the Court finds that the amendment is not futile. An amendment will fail for futility if the proposed claim(s) could not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). The proposed counterclaim adequately states a claim for design patent infringement in accordance with the Federal Circuit's recent pleading requirements for design patent claims. Doc. # 109, at 2 (citing Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357 (Fed. Cir. 2013)). Under the criteria for pleading design patents set forth in Hall, the

-4-

proposed counterclaim: i) alleges ownership of the patent, (Doc. #101, ex. 1,¶¶54-55); ii) names each defendant, (Id. at ¶¶1, 58), (iii) cites the patent that is allegedly infringed (Id. at ¶¶54-60), (iv), states the means by which the defendant allegedly infringes, (Id. at ¶¶58-60) and (v) points to the sections of the patent law invoked (Id. at ¶58). Hall, 705 F.3d 1357.

ATI contends that the motion is futile because the claimed design is "'primarily functional' rather than 'primarily ornamental,'" and thus the design patent is invalid. Doc. # 105, at 7-8 (citing High Point Design v. Buyers Direct, 730 f.3d 1301 (Fed. Cir. 2013). Plaintiff's arguments involve factual information and disputes regarding invalidity and non-infringement which go beyond the scope of the face of the proposed counterclaim and thus are not appropriate for evaluating futility. See Ultramercial, Inc. v. Hulu, LLC, 722 F.3d 1335, 1338 (Fed. Cir. 2013) (stating that invalidity analysis is "rife with underlying factual issues," and that 12(b)(6) dismissal of a patent claim is extremely rare because "every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary"). Moreover, a plaintiff is not required under either the Federal Rules, or Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) or Ashcroft v Iqbal, 566 U.S. 662, 678 (2009), to "include[] [in the complaint] answers to such questions as 'What is it about Plaintiff's [invention] that he claims is "new, original and ornamental," meriting the protection of a design patent?'" Hall, 705 F.3d 1357, 1362. Therefore, ATI has not shown that AR's proposed counterclaim is futile.

-5-

III.

For the foregoing reasons, Defendant's Motion to Amend [Doc. # 101] is

GRANTED and Plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative

Defenses [Doc. # 93] is DENIED as moot. Given the scheduling changes that will

arise out of allowing Defendant's amendment[1], this case is referred back to the

Magistrate Judge to allow the parties to amend the scheduling order.

This the 4th day of December, 2013.


/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

---

[1] The amended answer and counterclaims are deemed filed on September 12, 2013, but Plaintiff's response times under FED.R.CIV.P. 12 will run from the date of this Memorandum Order.