IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ATI INDUSTRIAL               )
AUTOMATION, INC.,            )
                             )
        Plaintiff,           )
                             )
    v.                       )    1:09CV471
                             )
APPLIED ROBOTICS, INC.       )
                             )
        Defendant.           )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Plaintiff's Motion to Amend its Amended Complaint. (Docket Entry 118.) For the reasons that follow, the Court will grant the instant Motion.[1]

BACKGROUND

Plaintiff's Amended Complaint alleges that Defendant has infringed three of its utility patents for robotic tool changers. (Docket Entry 20 at 4-5.) On September 12, 2013, the deadline for amendments to the pleadings (see Text Order dated May 1, 2013,

---

[1] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) ("[The plaintiff] moved for leave to amend her complaint . . . to add . . . a defendant . . . and to add a state-law claim of medical malpractice against [that new defendant]. After a hearing, the magistrate judge denied [that] motion. [The plaintiff] timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

adopting in relevant part Docket Entry 92), Defendant moved to amend its Answer to include a new counterclaim, alleging that Plaintiff had infringed its design patent (Docket Entry 101). Plaintiff opposed the amendment, asserting its futility. (Docket Entry 105.) The Court (per Senior United States District Judge N. Carlton Tilley, Jr.) permitted that amendment on December 4, 2013. (Docket Entry 111.) On December 30, 2013, Plaintiff filed a Reply to Counterclaims which asserted several affirmative defenses, including its second defense, which asserts that Defendant's alleged design patent is invalid as functional, and its third defense, which contends that said patent is invalid for failure to meet various statutory requirements. (Docket Entry 113 at 7.)

Plaintiff's instant Motion seeks to amend its Amended Complaint "to bring a claim of design patent invalidity and to further articulate its claim of patent infringement by inducement." (Docket Entry 119 at 2.) Plaintiff sought Defendant's consent prior to filing its instant Motion, which Defendant refused. (Id.) Defendant responded in opposition (Docket Entry 126) and Plaintiff replied (Docket Entry 141).

## DISCUSSION

Given Defendant's refusal of consent, Plaintiff "may amend its pleading only with . . . the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has discretion, "but

outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has further explained "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

In addition, because Plaintiff seeks to amend its Complaint after the Scheduling Order's deadline for such action, it also must show "good cause" under Federal Rule of Civil Procedure 16(b)(4). See Nourisan Rug Corp. v. Parvizan, 535 F.3d 295, 298-99 (4th Cir. 2008). "[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is diligence." Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D. W. Va. 1995). Accordingly, "[i]n considering an untimely amendment to the pleadings, the [C]ourt looks to whether the 'evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed.'" Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011) (quoting United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007)). "Appropriately, the burden to 'justify a departure from the rules set forth in the [C]ourt's scheduling order' is on the moving party." Id. (internal brackets omitted) (quoting Godwin, 247

3

F.R.D. at 506).

Plaintiff's instant Motion first seeks to add a claim of design patent invalidity. (Docket Entry 119 at 4; see also Docket Entry 118-1 at 8-9 (Plaintiff's proposed Second Amended Complaint).) In that regard, Plaintiff contends that it "acted diligently . . . . [because it] had no way to anticipate Defendant's design patent infringement claim . . . . filed at the close of business on the last day for amending the pleadings under the scheduling order." (Docket Entry 119 at 3.) Plaintiff further notes that it "has been manufacturing and selling the [allegedly infringing] products at issue for five years, [but] Defendant never raised a single complaint about those products until Defendant filed [its] [M]otion to [A]mend." (Id.) However, Defendant counters that "Plaintiff's claim of design patent invalidity is a compulsory counterclaim to [Defendant's] claim of design patent infringement . . . . [and thus] should have been asserted in Plaintiff's [Reply] to Counterclaims." (Docket Entry 126 at 10.)

"Although . . . a counterclaim to a counterclaim is not expressly recognized by the Federal Rules [of Civil Procedure], there are several courts which have considered the issue and most 'have concluded that a counterclaim may be asserted in a reply to a counterclaim.'" Baker v. Borg Warner Morse Tec, Inc., Civ. A. No. 3:110505, 2012 WL 195011, at *1 (S.D. W. Va. Jan. 23, 2012) (unpublished) (quoting Soil Works, LLC v. Midwest Indus. Supply,

4

Inc., No. CV-06-2141-PHX-DGC, 2007 WL 1521585, at *1 (D. Ariz. May 22, 2007) (unpublished)). Nonetheless, as Plaintiff has asserted, some district courts have concluded that Federal Rule of Civil Procedure 7(a) does not permit asserting a counterclaim in a reply to a counterclaim (see Docket Entry 141 at 2 (citing Gonzalez v. Central Elec. Co-op, Inc., Civ. No. 08-6280-HO, 2009 WL 3415235, at *5 (D. Or. Oct. 15, 2009) (unpublished), and Turner & Boisseau, Chartered v. Nationwide Mut. Ins. Co., 175 F.R.D. 686, 687 (D. Kan. 1997))) and other district courts have indicated that "'for reasons of clarity and practicality, it would be better to treat the counterclaim in reply as an amendment to the complaint,'" Baker, 2012 WL 195011, at *2 (quoting Southeastern Indus. Tire Co. v. Duraprene Corp., 70 F.R.D. 585, 588 (E.D. Pa. 1976)); see also Century Pac., Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 213 n.3 (S.D.N.Y. 2007) ("[A] reply counterclaim is to be treated as a motion to amend the complaint under Rule 15(a).").

In the instant case, Defendant concedes that Plaintiff would have shown the required diligence had it included a design patent invalidity claim in its Reply to Counterclaims (see Docket Entry 126 at 6, 10-11), filed two weeks before the instant Motion (compare Docket Entry 113, with Docket Entry 118). Given the above-discussed disagreement amongst various district courts as to the propriety of asserting a counterclaim in a reply, the Court finds that Plaintiff's decision to refrain from asserting the

5

counterclaim in its Reply and instead to move to amend its Amended Complaint does not reflect a lack of diligence. The Court thus concludes that Plaintiff has shown good cause under Federal Rule of Civil Procedure 16(b)(4) to present a claim of design patent invalidity after the deadline for pleading amendments.

Plaintiff's instant Motion also "seeks to add more detailed allegations in support of its claim of patent infringement by inducement." (Docket Entry 119 at 3; see also Docket Entry 118-1 at 6-8.) Although Plaintiff's Complaint "included allegations that Defendant induced infringement . . . . Plaintiff [now] seeks to add additional information regarding that inducement that Plaintiff first learned in late November 2013." (Docket Entry 119 at 4.) In opposition, Defendant contends that Plaintiff reasonably should have discovered the relevant information when Defendant provided a spreadsheet, which detailed the foreign sales underlying the alleged infringement by inducement, on July 31, 2013. (See Docket Entry 126 at 8-10.) In its Reply, Plaintiff states that, although it did receive Defendant's spreadsheet on that date, Defendant misled Plaintiff as to its contents and did not provide Plaintiff with sufficient information to interpret the spreadsheet. (Docket Entry 141 at 3-4.)

Specifically, upon producing the spreadsheet, Defendant's accompanying letter informed Plaintiff that

> the disclosure of the sales total from this enclosed
> document will not provide your client with any reliable

6

> potential value of this litigation.  We would be willing to discuss, with our client, the disclosure of sales totals to your client after the identification of actual disputed products in this case (e.g. after August 26, 2013, or before if you provide us a list now).  In the meantime, we maintain our objection to the disclosure of this information as premature.

(Docket Entry 127-2 at 2.)  Plaintiff further contends that it subsequently "served interrogatories on Defendant asking Defendant to explain and identify its product numbers so that Plaintiff could try to understand the spreadsheets" and otherwise worked with Defendant to obtain the relevant information.  (Docket Entry 141 at 4-5.)  However, Defendant apparently did not provide Plaintiff with the information necessary to properly interpret the spreadsheet and to identify the relevant foreign sales until November 21, 2013, following the deadline for amendments.  (See id.; Docket Entry 119 at 2.)[2]  Under these circumstances, the Court finds that Plaintiff's ongoing efforts to obtain such information from Defendant reflect diligence sufficient to support a finding of good

---

[2] Defendant also argues that Plaintiff already had knowledge of Defendant's alleged infringement by inducement because Plaintiff's Amended Complaint (filed in 2009) "included allegations of [Defendant's] foreign sales of the accused products *and* allegations of patent infringement by inducement."  (Docket Entry 126 at 8.)  This argument lacks persuasive force.  If the factual allegations Plaintiff now seeks to add already appeared in Plaintiff's Amended Complaint in 2009, Plaintiff would not seek leave to add them now.  A comparison of Plaintiff's Amended Complaint and Plaintiff's proposed Second Amended Complaint reveals that the former contains generalized statements as to foreign sales and inducement and the latter includes much greater detail, including allegations that Defendant acted knowingly.  (Compare Docket Entry 20 at ¶¶ 29, 31, with Docket Entry 118-1 at ¶¶ 39, 41, 49, 51, 52.)

7

cause under Federal Rule of Civil Procedure 16(b)(4) to further amend the Amended Complaint. See Ground Zero Museum Workshop v. Wilson, 813 F. Supp. 2d 678, 708 (D. Md. 2011) (granting motion to amend where "delay [in moving to amend] was in part due to [opposing party's] own delay in responding to discovery requests").

As to the interests-of-justice analysis under Federal Rule of Civil Procedure 15(a)(2), Defendant does not contend that Plaintiff's proposed amendments would cause prejudice. (See Docket Entry 126 at 11-12.) Given that 90 days of fact discovery remain following the claim construction hearing (see Text Order dated May 1, 2013) and the Court has set no date for such hearing (see Docket Entries dated May 1, 2013, to present), the Court finds no prejudice. Finally, Defendant has not asserted that Plaintiff acted in bad faith in connection with the proposed amendments or that they fail as futile. Accordingly, the Court concludes that Plaintiff's proposed amendments also satisfy Federal Rule of Civil Procedure 15(a)(2).

## CONCLUSION

Plaintiff has made the requisite showing to amend its Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend its Amended Complaint (Docket Entry 118) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before April 21, 2014, Plaintiff shall file its proposed Amended Complaint (Docket Entry 118-1) as a Second Amended Complaint.

                                          /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                **United States Magistrate Judge**

April 14, 2014