# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ATI INDUSTRIAL AUTOMATION, INC., )
                 Plaintiff, )
                 v. )     1:09CV471
APPLIED ROBOTICS, INC., )
                 Defendant. )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendant's Motion to Seal Document. (Docket Entry 128.) For the reasons that follow, the Court will grant the instant Motion.

## I. BACKGROUND

Plaintiff's Second Amended Complaint alleges that Defendant has infringed three of its utility patents for robotic tool changers and that Defendant's claimed design patent is invalid as functional. (Docket Entry 154 at 4-9.) The Parties previously filed a Joint Motion for Impoundment Renewed (Docket Entry 48), which sought to seal documents containing trade secrets filed in connection with Defendant's Motion to Dismiss (see id. at 1-2). In granting that Motion, the Court concluded that the First Amendment standard (as opposed to the common law standard) applied to documents filed in connection with a dispositive motion and that Defendant's interest in protecting its trade secrets outweighed the public's First Amendment right of access. (Docket Entry 84 at 14-19.)

Defendant now moves to seal a document ("the Document") it filed in opposition to Plaintiff's Motion to Amend its Amended

Complaint.  (See Docket Entry 129 at 1; see also Docket Entry 127-1 (redacted version of document).)  It describes the Document as "a spreadsheet containing lists of [Defendant's] customers and identifying information thereof such as their locations[] and specifics of their order histories[,] . . . . [as well as] highly sensitive cost and pricing information . . . . [and, further, notes that said document] is not publicly available and is maintained confidentially by [Defendant] as a trade secret." (Docket Entry 129 at 4.)  Defendant's instant Motion thus contends that "[d]isclosure of this type of information would unnecessarily burden [Defendant] with economic harm by providing a competitive advantage to its direct competitors in the industry."  (Id.)  Plaintiff does not oppose Defendant's instant Motion.  (Docket Entry 142 at 1.)

## II.  DISCUSSION

### A.  Standard for Sealing Documents

Federal Rule of Civil Procedure 26(c) states in relevant part that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> . . . .
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c) (emphasis added).

The United States Court of Appeals for the Fourth Circuit has recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispostiive motion." Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988).  However, the authority granted to a court under Rule 26(c) to require special handling of information gathered during discovery is constrained by the public's right of access when that information later becomes part of a judicial record.  See Level 3 Commc'ns, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572, 576 (E.D. Va. 2009) ("There is a highly-developed body of case law governing the handling of discovery documents and other materials filed with courts under seal in civil cases.  For current purposes, this case law can be divided analytically into two categories.  One body of case law relates to the protected status of documents produced in pre-trial discovery pursuant to a stipulated, court-approved protective order under Rule 26(c) of the Federal Rules of Civil Procedure.  The second body of case law governs the public availability of materials that have been submitted to courts in connection with civil pleadings or motions (dispositive or otherwise) or entered by courts into evidence in the course of hearings or trial, whatever the materials' origins or pre-trial confidentiality status might previously have been.").

This constraint arises because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839

(1978). As a result, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).[1] "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted). Moreover, "[t]he common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." Rushford, 846 F.2d at 253.

Before considering whether a constitutional or only a common law right of access exists, however, a court must assess whether the materials at issue actually constitute "judicial records and documents," Stone, 855 F.2d at 180. In this regard, the Fourth Circuit (albeit in an unpublished opinion) has joined other courts in "hold[ing] that the mere filing of a document with a court does not render the document judicial." In re Policy Mgmt. Sys. Corp., 67 F.3d 296, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995)

---

[1] The right of access to court records flows from the right of access to in-court proceedings; it applies in both civil and criminal cases. See Rushford, 846 F.2d at 253 & n.4.

(unpublished) (citing <u>United States v. Amodeo</u>, 44 F.3d 141, 145 (2d Cir. 1995)).  Accordingly, in any given case, some court-filed "documents fall within the common law presumption of access, while others are subject to the greater right of access provided by the First Amendment.  Still others may not qualify as 'judicial records' at all." <u>United States v. Moussaoui</u>, 65 F. App'x 881, 889 (4th Cir. 2003) (citing <u>Amodeo</u>, 44 F.3d at 145-46).

In light of this legal framework, "[w]hen presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." <u>Virginia Dep't of State Police</u>, 386 F.3d at 576.  Procedurally:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.  Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

<u>Id.</u> (internal citation omitted).  "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." <u>Id.</u> (internal citations and quotation marks omitted); <u>see also</u> <u>Moussaoui</u>, 65 F. App'x at 889 ("We therefore must examine [materials submitted under seal] document by document to determine, for each document, the source of the right of access (if any such right exists).  As to those documents subject to a right of access, we must then conduct

-5-

the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part." (internal citation omitted)).

B. Trade Secrets

Trade secret protection generally arises as a function of state law. Cf. Rohm and Haas Co. v. ADCO Chem. Co., 689 F.2d 424, 429 (3d Cir. 1982) ("A trade secret claim in the federal courts is governed not by federal common law but by state law.").[2] Thus, federal courts have referred to state law for purposes of defining a trade secret in the context of orders addressing public access. See, e.g., Pochat v. State Farm Mut. Auto. Ins. Co., No. Civ. 08-5015-KES, 2008 WL 5192427, at *7 (D.S.D. Dec. 11, 2008) (unpublished) ("Courts look to applicable state law to determine if the requested documents qualify as trade secrets." (citing In re Remington Arms Co., Inc., 952 F.2d 1029, 1033 (8th Cir. 1991))); International Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda, 390 F. Supp. 2d 479, 484-85 (D. Md. 2005) (granting motion to seal and examining state law to determine if proposed information constituted trade secret).

North Carolina's Trade Secrets Protection Act defines a trade secret as follows.

> "Trade secret" means business or technical information, including but not limited to a formula, pattern, program,

---

[2] The Economic Espionage Act of 1996 provides for criminal penalties for certain forms of trade secret misappropriation. See Pub. L. No. 104-294, § 1832, 110 Stat. 3489 (1996), codified at 18 U.S.C. §§ 1831-39.

-6-

device, compilation of information, method, technique, or process that:

> a. Derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use; and
>
> b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

N.C. Gen. Stat. § 66-152(3). The North Carolina Court of Appeals has identified six factors to "consider when determining whether an item is a trade secret":

> (1) the extent to which information is known outside the business; (2) the extent to which it is known to employees and others involved in the business; (3) the extent of measures taken to guard secrecy of the information; (4) the value of information to business and its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could properly be acquired or duplicated by others.

Sunbelt Rentals, Inc. v. Head & Enguist Equip., L.L.C., 174 N.C. App. 49, 53, 620 S.E.2d 222, 226 (2005) (quoting State ex rel. Utils. Comm'n v. MCI, 132 N.C. App. 625, 634, 514 S.E.2d 276, 282 (1999)). The North Carolina Court of Appeals has also observed that, in "[a]pplying these factors, [North Carolina's] courts have found the following to constitute a trade secret: cost history information; price lists; and confidential customer lists, pricing formulas and bidding formulas." Id. (citations omitted). This Court also has recognized that "courts have found that special knowledge of customer needs and preferences is a trade secret." Philips Elec. N. Am. Corp. v. Hope, 631 F. Supp. 2d 705, 721

(M.D.N.C. 2009) (Schroeder, J.) (citing Sunbelt, 174 N.C. App. at 54-56, 620 S.E.2d at 226-28).

C.  Analysis

Initially, the Court observes that the instant Motion has been publicly docketed since February 21, 2014.  (Docket Entry 128.) Any interested party therefore has had sufficient time to seek intervention to contest any sealing order, but no opposition has been filed.  (See Docket Entries from Feb. 21, 2014, to present.) Accordingly, the Court concludes that, as to the instant Motion, the "public notice" prerequisite to entry of a sealing order has been satisfied.  See Stone, 855 F.2d at 181 (discussing use of docketing to comply with procedural requirements for sealing).

As to the level of substantive protection due for the instant Document, the Fourth Circuit has not provided conclusive guidance. Defendant produced the document during discovery and later filed it with the Court in connection with its response to a motion by Plaintiff to amend the Complaint.  (See Docket Entry 127-1; Docket Entry 130.)  The more rigorous First Amendment standard applies to attachments to dispositive motions.  See Rushford, 846 F.2d at 252-53 ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery. . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks and citations omitted)).  In contrast, substantial authority indicates that documents filed in connection

with nondispositive discovery motions do not constitute judicial documents at all (and thus do not benefit from protection afforded by either the First Amendment or the common law). See Bond v. Utreras, 585 F.3d 1061, 1075 n.8 (7th Cir. 2009) ("[M]aterial filed with discovery motions is not subject to the common-law right of access.") (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001)); Anderson v. Cryovac, Inc., 805 F.2d 1, 10 (1st Cir. 1986) ("Although we agree that the public has a right of access to some parts of the judicial process, we conclude that this right does not extend to documents submitted to a court in connection with discovery proceedings.").

However, a motion to amend a complaint constitutes a nondispositive pretrial motion that does not concern discovery. See Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 783 (E.D.N.C. 2011) ("The courts of appeal that have addressed the issue have concluded that a motion to amend a complaint is a pretrial matter not dispositive of a claim or defense of a party within the purview of Fed. R. Civ. P. 72(a)." (internal quotation marks omitted)). No consensus has emerged among the circuit courts of appeal as to the appropriate level of protection for documents filed in connection with such motions. Some courts of appeal have declined to apply common law right of access and/or First Amendment analysis to discovery material attached to any nondispositive motion (and instead required only a showing sufficient to trigger protection under Rule 26(c)). See, e.g., Pintos v. Pacific Creditors Ass'n, 565 F.3d 1106, 1115 (9th

Cir. 2009) ("'[G]ood cause' is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion."). Other courts have drawn the line of demarcation as to the common law right of access between discovery motions and other nondispositive, pretrial motions. See, e.g., Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993) ("[W]e hold there is a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . . , but no such right as to discovery motions and their supporting documents."). It does not appear that the Fourth Circuit has made clear its position on this subject, but it has held "that documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights," In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013).

Defendant's instant Motion does not address whether the Document constitutes a judicial record, and if so, which public right of access applies. (See Docket Entry 129 at 1-4.) Rather, the instant Motion simply requests relief under Federal Rule of Civil Procedure 26(c). (See id. at 2.) Nonetheless, the Court need not determine which standard applies for the instant Document, because it concludes that it may remain sealed under the most rigorous First Amendment standard. In this regard, the Court notes that the Document appears substantially similar to several documents which the Court deemed to survive the First Amendment

standard when it decided the Parties' Joint Motion for Impoundment Renewed.  (See Docket Entry 84 at 13-18.)

In that Order, the Court concluded that documents containing "'[Defendant's] customers in North Carolina, including names, contact phone numbers, emails and addresses' and 'pricing information about [Defendant's] products' . . . . [, as well as] 'specific [Defendant] products purchased by the customers'" (id. at 13 (quoting Docket Entry 49 at 11-12)) constituted trade secrets meriting sealing, notwithstanding the public's First Amendment right of access (id. at 15-17).  Similarly, the instant Document contains "lists of [Defendant's] customers and identifying information thereof such as their locations[] and specifics of their order histories[,] . . . . [as well as] highly sensitive cost and pricing information."  (Docket Entry 129 at 4.)  In their prior Joint Motion for Impoundment Renewed, the Parties contended that the exhibits were "not publically available [and were] maintained confidentially by Defendant . . . ."  (Docket Entry 49 at 11-16.) Correspondingly, according to Defendant, the instant Document "is not publicly available and is maintained confidentially by [Defendant] as a trade secret."  (Docket Entry 129 at 4.) Furthermore, in accord with the Court's prior determination, no viable alternative to sealing exists, because the Document consists almost entirely of confidential information, as evidenced by the fact that the redacted version of the document does not appear comprehensible (see Docket Entry 127-1).  The Court thus finds that the instant Document also constitutes a trade secret warranting

sealing and neither the common law nor the First Amendment precludes such action.

In considering the relationship between the standards for sealing documents under Federal Rule of Civil Procedure 26(c), the common law, and the First Amendment, the Fourth Circuit has consistently held that the First Amendment right of access imposes the highest burden on litigants seeking to seal judicial records. See In re U.S., 707 F.3d at 290 (citing Virginia Dep't of State Police, 386 F.3d at 575). Therefore, without the need to address the question of whether the Document in fact constitutes a judicial record (and if so, which category of public rights attach to it), the Court concludes that Defendant's document may remain under seal because it satisfies the First Amendment standard.

### III. CONCLUSION

The Court observes that the public has had sufficient time to intervene to oppose the instant Motion. Moreover, the Court finds that the Document incorporates trade secrets and that Defendant's interest in protecting those trade secrets overcomes any right the public may possess to access the Document.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Seal Document (Docket Entry 128) is **GRANTED.**

**IT IS FURTHER ORDERED** that the unredacted copy of the Document shall remain under seal.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 11, 2014